Elizabeth D. Tate AZ Bar No. 032659
Elizabeth D. Tate Attorney at Law
2953 N. 48th Street
Phoenix, AZ 85016
Telephone (602) 670-4653
Fax (480) 935-3746
Attorney for Plaintiff Aaron Jackson

# IN THE UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Jackson,<br><br>        Plaintiff,<br><br>vs.<br><br><br>City of Phoenix, a municipal corporation;<br>Officer Cody J. Baker, in his individual capacity<br>Officer Tyler Luna, in his individual capacity,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff Aaron Jackson, by and through his attorney of record, Elizabeth Tate, and hereby submits his Complaint against Defendants, and each of them, and alleges as follows:

///

///

///

## NATURE OF THE ACTION

**1.** This is an action brought by Plaintiff for compensatory, injunctive, and declaratory relief and damages against the City of Phoenix and its Police Officers Cody J. Baker and Tyler Luna. Plaintiff's Fourth Amendment and Fourteenth Amendment rights under the U.S. Constitution were violated by these individual officers and individuals and, through 42 U.S.C. Section §1983 pursuant to an unconstitutional policy. The City of Phoenix violated the Americans with Disabilities Act, 42 U.S.C. § 12132 and the Rehabilitation Act, 29 U.S.C. § 794 and 794a when it arrested Plaintiff for his disability and failed to accommodate it. The City of Phoenix violated Plaintiff's state law rights under the Arizona Civil Rights Act – Public Accommodations A.R.S 41-1492.02. All Defendants committed the civil torts of false arrest and assault and battery.

## PARTIES, JURISDICTION AND VENUE

**2.** At all times relevant hereto to this action, Plaintiff, Aaron Jackson, was a single man living in Chandler, Arizona. Aaron Jackson suffers from schizophrenia, a serious psychiatric disorder. His condition is chronic/permanent, and it limits, among other things his ability to communicate and interact with other persons and his ability to be attentive. Mr. Jackson's disability was known by members of the City of Phoenix Police Department "COPPD", because Mr. Jackson was adjudicated Severely Mentally Ill "SMI" in

records that are accessible to the COPPD. Additionally, Mr. Jackson informed Officers Baker and Luna of his disability.

**3.** Upon information and belief, always relevant hereto this action, Defendant, Officer Cody J. Baker (hereinafter "Baker"), was a resident of Phoenix, Arizona and engaged in a policy of unlawful arrest without probable cause. Mr. Jackson attempted to serve Baker with notice of his state law claims for which Baker intentionally avoided service. Because of his intentional, dishonest, evasive acts Plaintiff was not able to serve Baker with his Notice of Claim until after the time period for doing so had passed. Baker eventually agreed accept service. The legal theory of equitable estoppel prevents Baker from asserting a statute of limitations defense against Plaintiff's state law claims against him.

**4.** Upon information and belief, always relevant hereto this action, Defendant, Tyler Luna (hereinafter "Luna"), was a resident of Phoenix, Arizona and engaged in a policy of unlawful arrest without probable cause.

**5.** Upon information and belief, always relevant hereto this action, the Defendant, City of Phoenix, is a municipal corporation that has a Police Department established for serving and protecting residents of Phoenix. City of Phoenix is liable for the actions of its police officers, Defendants Baker and Luna, who violated Plaintiff's Fourth and Fourteenth Amendment rights. The

Defendant Officers were inadequately trained in affording citizens with disabilities their rights and effectuating proper arrests. City of Phoenix has a wide policy of failing to train its officers in these areas, including a failure to train the named officer Defendants. City of Phoenix also has a duty under the Americans with Disabilities Act, Rehabilitation Act and Arizona Civil Rights Act as a public establishment to make its services available to people with disabilities and to make reasonable accommodations for such persons. City of Phoenix receives financial assistance or funding from federal government programs.

///

///

//

## **FACTUAL BACKGROUND**

**6.** On the afternoon of February 15, 2020, Plaintiff, Mr. Jackson was headed to Quick Trip gas station on 32nd Street, North of Broadway to purchase some snacks and a drink. Mr. Jackson pleasantly chatted with some young women at the gas station on the corner when Officers Baker and Luna approached Mr. Jackson to ask him what he was doing. Mr. Jackson asked if there was a problem and Baker and Luna informed him, "We get calls for panhandling". Mr. Jackson stated he was not panhandling but planning to make a lawful purchase from the Quick Trip.

**7.** Baker and Luna began interrogating Mr. Jackson, asking him his

name. Mr. Jackson informed Baker and Luna that he had the constitutional right not to give them his name. Mr. Jackson began walking away when the Baker and Luna informed him that he could not leave. Mr. Jackson asked why he was being detained when he had not committed any crime. Baker and Luna then grabbed Mr. Jackson to arrest him. Mr. Jackson stated "Slow down. What are you doing? Why are you handcuffing me?" Baker and Luna threw Mr. Jackson to the pavement and shot Mr. Jackson with their tasers two or three-times wounding Mr. Jackson and causing a bloody gash over Mr. Jackson's right eye.

**8.** Mr. Jackson informed Baker and Luna that they were hurting his back. and that he could not breathe. To no avail, Mr. Jackson implored Baker and Luna to stop and to get off him, pleading with them that he suffers from hypertension and schizophrenia.

**9.** The Baker and Luna placed Mr. Jackson in handcuffs. Mr. Jackson began experiencing convulsions and foaming at the mouth. Baker and Luna placed Mr. Jackson in handcuffs and laid him on his side. Fire Department paramedics were called who confirmed that Mr. Jackson could be placed in their squad car. The Officers continued to ask Mr. Jackson his name and dumped out Mr. Jackson's backpack trying to find Mr. Jackson's ID. The officers seized Mr. Jackson's debit card and learned his name.

**10.** An unknown Lieutenant Officer arrived on the scene and informed Baker and Luna that Mr. Jackson had not done anything wrong and that the Officers needed to let Mr. Jackson go. Baker and Luna refused and took Mr. Jackson to jail and booked him. Two days later, Mr. Jackson was released. Mr. Jackson's mother, Tracey Hardy, who was worried sick about her son, was contacted to pick up Mr. Jackson when he was released.

**11.** Mr. Jackson informed the Officers that he had schizophrenia, a disability, but the Officers disregarded this information. The ADA requires that

police department not arrest individuals, such as Mr. Jackson because of a disability.

**12.** This violent incident involving Mr. Jackson, a vulnerable and disabled person, caused him to be incarcerated for two days, to suffer physical injury from the assaults and tasering by COPPD, extreme emotional distress, caused fear of law enforcement officers and most significantly it has caused him to suffer (a) aggravation of his schizophrenia disorder, (b) aggravation a pre-existing neck and back condition. He has also suffered embarrassment, humiliation, and harm to his reputation.

**(42. U.S.C. § 1983 - Unlawful Arrest, Excessive Force in violation of the Fourth and Fourteenth Amendments) As to City of Phoenix, and Defendants Baker and Luna**

**13.** Plaintiff incorporates by this reference each allegation previously. made in this Complaint, as if fully set forth herein.

**14.** The individual Defendants to this claim, always relevant hereto, were acting under the color of state law in their capacities as City of Phoenix police officers and their acts and omissions were conducted within the scope of their official duties or employment.

**15.** At the time of the complained of events, Plaintiff had a clear constitutional right under the Fourth Amendment to be secure in his person without unreasonable interference by the Defendant police officers.

**16.** Plaintiff also had a clear constitutional right under the Fourteenth Amendment to be free from unlawful arrest and the use of excessive force and be afforded due process.

**17.** Defendants knew or should have known these rights at the time of the complained of conduct as they were clearly established at the time.

**18.** Defendants' arrest of Mr. Jackson without probable cause, as described herein, was objectively unreasonable considering the facts and circumstances confronting them and violated the Fourth Amendment rights of Plaintiff.

**19.** Defendants' actions to arrest Plaintiff, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

**20.** Defendants Baker and Luna escalated the situation by grabbing Plaintiff without reason and then slamming him to the ground. The Defendants Baker and Luna, knowing no they had no right to ask Plaintiff his name and to arrest Plaintiff violated Plaintiff's constitutional rights in arresting Plaintiff without probable cause.

**21.** Defendants failed to take reasonable steps to protect Plaintiff from unlawful arrest and the use of excessive force despite being able to do so and

therefore each are liable for the injuries and damages resulting from the unreasonable and conscience shocking arrest by each Defendant.

**22.** City of Phoenix is liable for the actions of its police officers' violation of Jackson's Fourth and Fourteenth Amendment rights for excessive force employed against Jackson. The Defendant Officers acted pursuant to a policy of failure to discipline officers who employ excessive force thereby emboldening the officers and other officers like them to commit constitutional violations. Further, the Officers' supervisors with final policymaking authority reviewed the Officers' acts and ratified them as being acceptable policing thereby creating a policy of excessive force for the City of Phoenix.

**23.** The acts and/or omissions of the Defendants were the moving forces behind Plaintiff's injuries.

**24.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages in amounts to be determined at trial. As further result of the Defendants' unlawful conduct, Plaintiff is entitled to general damages in amounts to be established at trial.

**25.** In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against Defendants Baker and Luna under 42. U.S.C. § 1983, in that the Officer Defendants acted maliciously,

willfully or with reckless or wanton disregard of the constitutional rights of Plaintiff.

**(Violation of 42 U.S.C.S. § 12132, the Rehabilitation Act, Arizona Civil Right Act and Failure to Train) as to City of Phoenix**

**26.** Plaintiff incorporates by this reference each allegation previously made in this Complaint, as if fully set forth herein.

**27.** Plaintiff was a qualified individual with a disability to wit: schizophrenia who was subjected to disability discrimination by City of Phoenix police officers, Baker and Luna who unlawfully interrogated, detain, falsely arrested and assault and battery Plaintiff because of his disability. City of Phoenix officers could have made the reasonable accommodations of permitting Plaintiff to go about his business as he was abiding the law. Rather than permitting Plaintiff to go about his business, the Defendant City of Phoenix officers completely lost their composure and arrested Plaintiff without probable cause. This resulted in Plaintiff being transported to the Maricopa County Jail for two days without the support of his family. The Defendant City of Phoenix officers' actions were malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

**28.** Jackson was a resident of Phoenix with a disability that was qualified, to receive the City of Phoenix police services (to protect) and was denied these services (to protect) by reason of his disability. The Defendant police officers arrested Jackson because of his disability. Jackson displayed evidence of his disability by not being able to respond to the officers questions and arrested him for doing so because of his disability.

**29.** Defendant City of Phoenix officers wrongfully arrested Plaintiff because of his disability not because he had committed any crimes. Prior to the arrest, Defendant City of Phoenix officers failed to accommodate Plaintiff's disability, in that the officers had both the time and opportunity to evaluate the situation and apply the accommodations and de-escalating matters rather than enflaming them, communicating reasonably with Mr. Jackson. Once arrested, Defendant City of Phoenix officers failed to accommodate Plaintiff's disability by refusing to release him and holding him in jail for two days.

**30.** Because the Defendant Officers knew or should have known of Plaintiff's disability and did not reasonably accommodate him, the City of Phoenix is liable.

**31.** Defendant City of Phoenix failed to professionally train their police officers for peaceful encounters with disabled persons, and such failure resulted in discrimination against Plaintiff. Defendant City of Phoenix failed to properly,

train its police officers to recognize symptoms of disabilities, and failed to modify its police policies, practices, and procedures to prevent discriminatory treatment of the disabled.

32. The City of Phoenix is a public entity charged with the responsibly under Title II of the Americans with Disabilities Act, Rehabilitation Act and Arizona Civil Rights Act to comply with public anti-discrimination laws, and to professionally train the Defendant police officers to reasonably accommodate the Plaintiff's disability.

**(False Arrest) as to all Defendants**

33. Plaintiff incorporates by this reference each allegation previously made in this Complaint, as if fully set forth herein.

34. Defendants arrested Mr. Jackson without probable cause because Mr. Jackson was minding his own business, peacefully chatting, and intending to make a purchase at the Quick Trip.

35. Defendant City of Phoenix is the employer of Defendants Luna and Baker and is responsible for the defendant officers' actions under the legal theory of respondeat superior.

36. As a direct and proximate result of Defendants' unlawful conduct,

Plaintiff suffered actual physical and emotional injures and other damages and losses as described herein entitling him to compensatory and general damages in amounts to be established at trial.

### (False Imprisonment) as to all Defendants

**37.** Plaintiff incorporates by reference each allegation previously made in this Complaint, as if fully set forth herein.

**38.** Defendants took Mr. Jackson to jail to falsely imprison Mr. Jackson without Jackson's consent and without lawful authority.

**39.** Defendants falsely imprisoned Mr. Jackson for 2 days until they decided to release him to the custody of his mother.

**40.** Defendant City of Phoenix is the employer of Defendants Luna and Baker and is responsible for the defendant officers' actions under the legal theory of respondeat superior.

**41.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injures and other damages and losses as described herein entitling him to compensatory and general damages in amounts to be established at trial.

### (Assault and Battery) as to all Defendants

**42.** Plaintiff incorporates by this reference each allegation previously, made in this Complaint, as if fully set forth herein.

**43.** The Defendant Officers grabbed Mr. Jackson and slammed him into the pavement placing Jackson in apprehension of physical harm.

**44.** The Defendant Officers jumped on Mr. Jackson's body pinning Mr. Jackson to the ground inflicting pain and injury to Mr. Jackson's body.

**45.** Defendant City of Phoenix is the employer of Defendants Luna and Baker and is responsible for the defendant officers' actions under the legal theory of respondeat superior.

**46.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injures and other damages and losses as described herein entitling him to compensatory and general damages in amounts to be established at trial.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all his claims, pursuant to the U.S. Constitution's Seventh Amendment and the Federal Rules of Civil Procedure Rule 38 (a,b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff reserves the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays judgment against the Defendants, and each of them, as follows:

1. An order awarding Plaintiff actual and compensatory damages for violations of civil rights, disability discrimination and restitution in an amount according to proof at time of trial;

2. An order awarding Plaintiff actual, punitive, and compensatory damages in compensation for unlawful arrest and search and seizure, excessive force, failure to intervene, conspiracy, disability discrimination and failure to train. Plaintiff does not seek punitive damages against Defendants City of Phoenix;

3. An order awarding Plaintiff's reasonable attorney's fees and costs;

4. An order awarding Plaintiff prejudgment interest according to proof; and

5. For such other and further relief as the Court deems just and proper.

DATED this February 9, 2021.

                        By: /s/ Elizabeth D. Tate
                        _____
                        *Attorney for Plaintiff*